UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JANE MARY NILE PORTER,

    Plaintiff,

v.

                                                      Case No. 25-cv-0749-bhl

MILWAUKEE POLICE DEPARTMENT, et al,

    Defendants.

## SCREENING ORDER

On May 22, 2025, Plaintiff Jane Mary Nile Porter, proceeding without an attorney, filed a complaint against the Milwaukee Police Department, the Milwaukee County Sheriff's Office, the State of Wisconsin (fusion), the U.S. Army [Criminal Investigation Division], and the Department of Homeland Security, alleging violations of federal law. (ECF No. 1.)[1] Porter has also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Porter's IFP motion and for the screening of her complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Porter's IFP application includes information about her finances and is signed under penalty of perjury. (ECF No. 2 at 4.) She represents that she is unemployed, has no income, and has $115 in cash or accounts and no other assets. (*Id.* at 1–4.) Porter indicates that her monthly expenses total $1200. (*Id.* at 3.) Based on these sworn assertions, the Court concludes that Porter lacks sufficient resources to pay the filing fee and will grant her motion to proceed IFP.

---

[1] Porter has also filed two other recent complaints in this Court, each alleging similar facts and with some overlap in defendants. (*See Porter v. Skyles Law Group*, No. 25-cv-561-bhl, ECF No. 1; *Porter v. Milwaukee Fire Dep't*, No. 25-cv-748-bhl, ECF No. 1.)

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ANALYSIS

Porter's complaint is frivolous and will be dismissed. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). If a complaint describes "fantastic or delusional scenarios" it is factually frivolous. *Id.* at 327–28. Porter's complaint is factually frivolous because she admits that her allegations are the result of hallucinations that she believes were induced by an unknown man on the authorization of the Army Criminal Investigation Division and the Wisconsin Fusion Center. (*See* ECF No. 1 at 5.)

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citation omitted). Because Porter's allegations are frivolous, her complaint is dismissed without leave to amend.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Porter's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Porter's Complaint, ECF No. 1, and this case are **DISMISSED** as frivolous. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 2, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge